JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-215 JGB (KKx)** | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Lawrence M Lockie, et al. v. Simon Eden Paul* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 7); (2) VACATING the April 12, 2021 Hearing (IN CHAMBERS)

    Before the Court is a Motion for Remand filed by Plaintiffs Lawrence Lockie and Alice Lockie. ("Motion," Dkt. No. 7.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for April 12, 2021.

## I.   BACKGROUND

    This is an eviction case. On November 19, 2020, Plaintiffs filed a Complaint in Riverside County Superior Court. ("Complaint," Dkt. No. 7-1.) The Complaint alleges that Defendant owes Plaintiffs $10,200.00 in past-due rent. (Id.) Defendant was served with the Summons and Complaint on December 2, 2020. (Dkt. No. 7-4 p. 33.)

    On December 22, 2020, Defendant filed a Motion to Quash Service of Summons. ("Motion to Quash," Dkt. No. 7-3.) On January 5, 2021, Defendant's Motion to Quash was heard and denied. (Dkt. No. 7-4 p. 28.)

    On February 5, 2021, Defendant removed on the basis of federal question jurisdiction. (Dkt. No. 1.) On March 15, 2021, Plaintiffs filed the Motion. Defendant did not oppose.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) ("A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

There exist multiple sufficient reasons to grant Plaintiffs' Motion, including Defendant's non-response. See L.R. 7-12. The simplest reason is that Defendant removed this case too late. He was properly served with the Summons and Complaint on December 2, 2020. (Dkt. No. 7-4 p. 33.) Service was confirmed as proper when his Motion to Quash was heard and denied. (Dkt. No. 7-4 p. 28.) Defendant was required to file a notice of removal 30 days after service. 28 U.S.C. § 1446. His February 5, 2021 filing was procedurally improper.

//

//

//

## IV.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Motion and the case is REMANDED to the Superior Court for the County of Riverside.  The April 12, 2021 hearing is VACATED.  The clerk is directed to close this case.

**IT IS SO ORDERED.**